596 So.2d 103 (1992)
Michael W. EASTERLING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00618.
District Court of Appeal of Florida, Second District.
March 11, 1992.
PER CURIAM.
Michael Easterling appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Appellant alleged that his written sentence fails to reflect two and one-half years' credit for time served. He further alleged that at sentencing, the trial court orally pronounced that he was entitled to credit for time served in the amount of two and one-half years. The written sentence, which is attached to the motion, reflects credit for 197 days plus credit for time served on his prior incarceration in this case. The trial court denied the motion without attachments. Based on the written sentence alone, we are unable to determine whether the appellant received the proper amount of credit for time served and therefore must reverse. On remand, if the trial court should again deny the motion, it must attach portions of the record conclusively refuting appellant's allegations.
Appellant's direct appeal was pending when he filed the motion and when the trial court entered the order on the motion. His direct appeal is still pending, and neither the record on appeal nor any brief has been filed. Because the trial court has concurrent jurisdiction to correct an illegal sentence which may have resulted from a *104 clerical oversight, the trial court may again rule on the motion after remand. See Barber v. State, 590 So.2d 527 (Fla. 2d DCA 1991). Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days.
Reversed and remanded.
LEHAN, A.C.J., and HALL and THREADGILL, JJ., concur.