657 So.2d 11 (1995)
Preston JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 95-01344.
District Court of Appeal of Florida, Second District.
May 12, 1995.
PER CURIAM.
Preston Johnson, Jr., appeals an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court correctly denied the motion because Mr. Johnson's direct appeal was pending when he filed the motion and when the trial court entered its order. Libby v. State, 520 So.2d 322 (Fla. 2d DCA 1988). The judgment and sentence, entered on a plea of nolo contendere, were recently affirmed on direct appeal, and the record on appeal is still on file with this court. In the interest of judicial economy, we have reviewed that record in assessing the merits of Mr. Johnson's motion.
In his postconviction motion, Mr. Johnson primarily complains that the state could not prove that he used a firearm during the armed burglary and, thus, the three-year minimum mandatory sentence is illegal. The factual basis described at the plea hearing reflects that a witness, who happens to be a criminal defense attorney, would testify that he struggled with Mr. Johnson for several minutes and that Mr. Johnson had a gun. Police officers en route to the crime scene heard five shots and later removed a bullet from a door near the location of the struggle. Accordingly, the factual basis for the sentence is contained in the record, and the minimum mandatory sentence is not illegal.
Affirmed.
RYDER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.