677 So.2d 394 (1996)
Scott FIRST, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-00245.
District Court of Appeal of Florida, Second District.
July 24, 1996.
*395 PER CURIAM.
The appellant, Scott First, Sr., challenges the denial of the motion he filed pursuant to Florida Rule of Criminal Procedure 3.800. Since the trial court did not have jurisdiction to hear the appellant's motion, we reverse.
Although a trial court has jurisdiction to correct an illegal sentence at any time, during the pendency of a plenary appeal of a judgment and sentence, this jurisdiction is limited to the correction of clerical errors. Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992). The appellant filed his motion challenging the illegality of his sentence while he had an appeal pending in this court. The trial court was, accordingly, without jurisdiction to determine the appellant's motion on the merits and should have dismissed it. See Hulick v. State, 644 So.2d 117 (Fla. 2d DCA 1994).
We, accordingly, reverse and remand with instructions to enter an order dismissing the appellant's motion without prejudice to his renewing his claim, if necessary, after the conclusion of his appeal.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.