PER CURIAM.
The appellant, Mario S. Humphrey, challenges the trial court’s denial on the merits of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Since the trial court did not have jurisdiction to hear Humphrey’s motion, we reverse.
A trial court has jurisdiction to correct an illegal sentence at any time; however, during the pendency of a plenary appeal of a judgment and sentence, this jurisdiction is limited to the correction of clerical errors. Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992). Because Humphrey’s motion was filed while his appeal was pending in this court and did not seek correction of a clerical error, the trial court was without jurisdiction to determine Humphrey’s motion on the merits and should have dismissed it. See First v. State, 677 So.2d 394 (Fla. 2d DCA 1996).
Accordingly, we reverse and remand with instructions to enter an order dismissing Humphrey’s motion without prejudice to his renewing his claim, if necessary, after the conclusion of his appeal.
Reversed and remanded with instructions.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.