PER CURIAM.
Sean Sauve appeals the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Because the trial court did not have jurisdiction to hear Sauve’s motion, we reverse.
A trial court has jurisdiction to correct an illegal sentence at any time; however, during the pendency of a plenary appeal of a judgment and sentence, this jurisdiction is limited to the correction of clerical errors. See Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992). Because Sauve’s motion was filed while his appeal was pending in this court and did not seek correction of a clerical error, the trial court was without jurisdiction to determine Sauve’s motion on the merits and should have dismissed it. See First v. State, 677 So.2d 394 (Fla. 2d DCA 1996).
Accordingly, we reverse and remand with instructions to enter an order dismissing Sauve’s motion without prejudice to him renewing his claim, if necessary, after the conclusion of his pending direct appeal.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.