696 So.2d 1318 (1997)
Arlie WALDRON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2125.
District Court of Appeal of Florida, First District.
July 21, 1997.
Arlie Waldron, pro se.
Robert Butterworth, Attorney General, Tallahassee for Appellee.
PER CURIAM.
The appellant challenges an order by which his motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), was dismissed on grounds of lack of jurisdiction because his direct appeal was still pending. The motion was filed on April 17, 1997, and denied on May 7, 1997. Because the trial court did have jurisdiction, we reverse and remand.
Effective January 1, 1997, Florida Rule of Appellate Procedure 9.600(d), was amended. That rule now makes clear that the trial court has jurisdiction to consider a 3.800(a) motion while a direct appeal is pending. The rule also provides that if the trial court grants relief while such appeal is pending, *1319 the movant shall file in the appellate court, within ten days, a copy of the trial court's order thereon. Accordingly, we reverse and remand for the trial court to appropriately consider appellant's motion.[1]See McClendon v. State, 679 So.2d 1255 (Fla. 1st DCA 1996); Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996).
REVERSED and REMANDED for consistent proceedings.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.
NOTES
[1] We express no opinion about the merits of appellant's motion.