697 So.2d 1304 (1997)
Zachary JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02999.
District Court of Appeal of Florida, Second District.
August 20, 1997.
ALTENBERND, Judge.
Zachary Johnson appeals the dismissal of his motion to correct illegal sentence. Although the trial court's reasoning was incorrect, we affirm because the motion states no *1305 basis for relief under Florida Rule of Criminal Procedure 3.800(a).
Following a jury trial in March 1997, Mr. Johnson was apparently convicted of burglary and dealing in stolen property. His attorney filed an appeal on his behalf on May 15, 1997. On June 5, 1997, Mr. Johnson filed both a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and a "motion to correct an illegal sentence." The trial court dismissed both motions on the ground that an appeal was pending in this court. In appellate case number 97-02998, we have affirmed the dismissal of the motion for postconviction relief. The motion to correct an illegal sentence, however, requires further consideration.
Effective January 1, 1997, Florida Rule of Criminal Procedure 3.800 and Florida Rule of Appellate Procedure 9.600 were amended. Rule 3.800 now permits a motion to correct a sentencing error under subsection (b) "within thirty days after rendition of sentence." Under subsection (a) of rule 3.800, a motion to correct an illegal sentence may be filed "at any time." Rule 9.600(d) was added to the appellate rules to give the lower tribunal jurisdiction to review motions filed pursuant to rule 3.800(a) while an appeal was pending. These amendments give the trial court the opportunity to correct its own sentencing errors while the case is pending on appeal, and effectively give the defendant the opportunity to preserve sentencing issues for appeal that were not preserved prior to the filing of the notice of appeal.[1]See Waldron v. State, 696 So.2d 1318 (Fla. 1st DCA 1997). Because Mr. Johnson's sentence was rendered after January 1, we assume that these new rules apply to his case.
Mr. Johnson's motion does not specify whether it was filed pursuant to subsection (a) or (b). Under subsection (b), it was untimely. Under subsection (a), it was a proper motion, and the trial court erred in dismissing it for lack of jurisdiction. Nevertheless, the motion does not contain any ground that would render the sentence illegal. We note, however, that the motion filed pursuant to rule 3.850 alleged that Mr. Johnson received an illegal 30-year sentence for a third-degree felony. If that allegation had been incorporated into Mr. Johnson's motion to correct an illegal sentence, we would have been required to reverse the dismissal of this motion. Accordingly, we treat the dismissal as a summary denial of the motion and affirm without prejudice to Mr. Johnson's filing another rule 3.800(a) motion to challenge the legality of the 30-year sentence.
Affirmed.
DANAHY, A.C.J., and BLUE, J., concur.
NOTES
[1] In addition to Florida Rule of Criminal Procedure 3.800(b), Florida Rule of Criminal Procedure 3.170(l) now permits a defendant to file a motion to withdraw a plea within thirty days after rendition of sentence. Both of these post-sentence motions stay rendition of a sentence for purposes of filing a notice of appeal. See Fla. R.App.P. 9.020(h). Thus, upon the timely filing of one of these motions, the trial court is now required to correct sentencing errors prior to the commencement of the appeal. These rule amendments are collectively designed to remove the appellate courts from the slow and costly process of correcting unpreserved sentencing errors on direct appeal, and to place this function immediately on the trial court that imposed the defective sentence.