700 So.2d 789 (1997)
Thomas DOWNS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02281.
District Court of Appeal of Florida, Second District.
October 22, 1997.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The defendant, Thomas Downs, Jr., challenges the trial court's order designating him a sexual predator pursuant to section 775.21, Florida Statutes (Supp.1996). We dismiss this appeal as untimely. However, we write to explain our dismissal and to clarify the procedures for appeals taken from orders entered pursuant to section 775.21.
Downs was charged with one count of kidnapping and three counts of sexual battery, alleged to have occurred on April 30, 1995. On April 16, 1996, he entered a plea of guilty. The written judgment adjudicating him guilty was entered the same day. On April 25, 1996, the written sentence was entered. On May 17, 1996, Downs' trial counsel filed a notice of appeal. The record was transmitted to this court on June 13,1996.
On August 8, 1996, the State filed its Notice of Hearing to Declare the Defendant a Sexual Predator. On August 21, 1996, more than three months after Downs filed his notice appealing the judgment and sentence, a hearing was held before the trial court. The entire transcript of that proceeding reads:
[PROSECUTOR]: Thomas Downs was convicted of a first-degree sexual battery offense with an offense date of April 30, 1995, therefore not subject to the public notice requirement.
THE COURT: I'll remove the public defender of further representation of Mr. Downs on this particular motion. And pursuant to his conviction Mr. Downs qualifies as sexual predator status.
[DEFENSE COUNSEL]: Thank you, Judge.
The trial court entered its order designating Downs a sexual predator on August 23, 1996.
On October 1, 1996, Downs filed a motion to supplement the appellate record with a transcript of the August 21, 1996, hearing. The motion was granted. The appellate record was also supplemented a second time, on this court's order, with the trial court's August 23, 1996, order designating Downs a sexual predator. Downs's counsel never filed an amended notice of appeal of the sexual predator order.
The State argues that the trial court's sexual predator order is not subject to direct appeal because the issue raised pertains to a collateral ministerial act which must be reviewed by petition for certiorari. We disagree. Florida Rule of Appellate Procedure *790 9.140(b)(1)(C) provides that a defendant may appeal "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both." We conclude that orders entered pursuant to section 775.21 are encompassed by this rule.
However, we must dismiss this appeal because Downs failed to timely file a notice of appeal directed to this postjudgment order. Pursuant to Florida Rule of Appellate Procedure 9.140(b)(2), the thirty-day time period for appealing this order expired on September 23,1996. We considered treating the motion to supplement as a notice of appeal. However, that motion was filed more than thirty days after the order was rendered and would, therefore, be an untimely notice of appeal.
Because no other issues were raised in the briefs, we dismiss this appeal.
BLUE, A.C.J., and WHATLEY, J., concur.