720 So.2d 1097 (1998)
Timothy D. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02154.
District Court of Appeal of Florida, Second District.
September 23, 1998.
*1098 PER CURIAM.
Timothy Clark appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion on the grounds that it lacked jurisdiction because Clark had an appeal pending before this court. We reverse the trial court's order and remand this cause for the court to consider Clark's motion on the merits.
Clark was convicted in 1995 of capital sexual battery, which conviction became final in October of 1997. On January 12, 1998, Clark filed a rule 3.850 motion collaterally attacking his conviction which raised various ineffective assistance of counsel claims. On January 28, 1998, the state attorney filed a "Notice of Intent to Declare Defendant a Sexual Predator," pursuant to section 775.21, Florida Statutes (1997). In April 1998, while Clark's 3.850 motion was pending in the trial court, a hearing on the State's sexual predator notice was held. The trial court determined that Clark met all of the relevant criteria of section 775.21 and entered an order finding him to be a sexual predator. Clark filed a timely notice of appeal of this designation. See Downs v. State, 700 So.2d 789 (Fla. 2d DCA 1997) (holding that an order designating a defendant a sexual predator is appealable under Florida Rule of Appellate Procedure 9.140(b)(1)(C)). In May 1998, the trial court considered Clark's rule 3.850 motion while Clark's appeal from the sexual predator designation was pending before this court. The trial court concluded that Clark's appeal divested it of jurisdiction to consider his rule 3.850 motion, citing First v. State, 677 So.2d 394 (Fla. 2d DCA 1996) (holding that trial court had no jurisdiction over a rule 3.800(a) motion challenging the illegality of a sentence when a plenary appeal of that sentence and the underlying judgment was pending).
We disagree with the trial court's conclusion that it did not have jurisdiction. Initially, after the 1996 amendments to Florida Rule of Appellate Procedure 9.600(d), First has lost its vitality. See Denson v. State, 711 So.2d 1225, 1226 n. 2 (Fla. 2d DCA 1998). More significantly, the trial court has jurisdiction to hear Clark's rule 3.850 motion because its subject matter is unrelated to the appeal of his sexual predator designation. His rule 3.850 motion raises various ineffectiveness of counsel claims associated with his conviction for capital sexual battery. The trial court could consider the merits of Clark's rule 3.850 motion without passing judgment on any of the issues this court would need to consider when reviewing Clark's sexual predator designation on appeal. Since the issues involved are different, the trial court has jurisdiction. Cf. Montague v. State, 710 So.2d 228 (Fla. 2d DCA 1998) (citing Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997), for the proposition that the appeal of a postconviction motion will not deprive the trial court of jurisdiction over a subsequent postconviction motion unless the issues are similar).
Accordingly, we reverse and remand this cause for the trial court to consider Clark's motion on the merits.
CAMPBELL, A.C.J., and FULMER and CASANUEVA, JJ., concur.