PER CURIAM.
Shawn Washington appeals an order which denied his motion pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion on the grounds that it lacked jurisdiction to consider the motion because appellant had a direct appeal pending before this court. We reverse and remand for further proceedings based on Florida Rule of Appellate Procedure 9.600(d) which became effective on January 1, 1997, and applies to all sentences imposed after that date. See Johnson v. State, 697 So.2d 1304 (Fla. 2d DCA 1997). Rule 9.600(d) specifically states that a trial court retains jurisdiction to consider claims filed under Rule 3.800(a) even when a direct appeal is pending. See also Johnson v. State, 697 So.2d 1304 (Fla. 2d DCA 1997) and Waldron v. State, 696 So.2d 1318 (Fla. 1st DCA 1997). Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion. As in Waldron, we express no opinion on the merits of appellant’s motion.
WOLF, KAHN, and PADOVANO, JJ., concur.