740 So.2d 4 (1999)
Renwick L. KEEL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1994.
District Court of Appeal of Florida, First District.
March 10, 1999.
*5 Appellant, pro se.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Renwick L. Keel (Keel) appeals the denial of his rule 3.850 motion for post-conviction relief. Keel pled guilty in lower court case number 94-989 to one count of robbery. Keel alleged that the judgment of conviction in this case was entered on March 13, 1995, and that the trial court sentenced him to seventy months in prison. Keel subsequently filed a rule 3.800 motion for correction of illegal sentence. The trial court denied Keel's rule 3.800 motion, and Keel appealed the decision to this court.[1] Keel filed his rule 3.850 motion for postconviction relief while the appeal from the denial of his rule 3.800 motion was pending. The issues raised by Keel in his rule 3.850 motion are different than those raised in his prior rule 3.800 motion.
The trial court denied Keel's rule 3.850 motion on the grounds that it had no jurisdiction to hear the motion while the appeal of Keel's rule 3.800 motion regarding the same case number was pending in this court. However, this court has held that "an appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated." Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997). Accordingly, we reverse and remand to the trial court with instructions to consider Keel's rule 3.850 motion on the merits, provided the trial court finds the motion facially sufficient.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.
NOTES
[1] This court ultimately affirmed, per curiam, the trial court's denial of Keel's rule 3.800 motion to correct illegal sentence. Keel v. State, 697 So.2d 842 (Fla. 1st DCA 1997).