PER CURIAM.
Michael Anthony Bennett appeals an order which denied a motion brought pursuant to Florida Rule of Criminal Procedure 3.850 in which he challenged the imposition of consecutive habitual offender sentences. We reverse.
The trial court denied the motion as untimely, citing State v. Callaway, 658 So.2d 983 (Fla. 1995). Callaway held that claims pursuant to Hale v. State, 630 So.2d 521 (Fla. 1993) must be brought within the two year period following the Hale decision. After the order of the trial court, and while this appeal was pending, the Florida Supreme Court decided Dixon v. State, 24 Fla. L. Weekly S67, 730 So.2d 265 (Fla. 1999)(holding that criminal defendants have two years from the issuance of the mandate in Callaway to file a Hale post-conviction claim). Under Dixon, the cut-off point for filing Hale claims is August 16, 1997. Because appellant’s motion was filed on June 10, 1996, it is timely under Dixon. Therefore, we reverse and remand to the trial court for further proceedings consistent with this opinion.
WOLF, KAHN and LAWRENCE, JJ., CONCUR.