736 So.2d 24 (1999)
Thomas Perry WELLS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 99-00137.
District Court of Appeal of Florida, Second District.
May 7, 1999.
Rehearing Denied July 7, 1999.
PER CURIAM.
Thomas Wells appeals the denial of his motion to amend his motion for postconviction relief. In the motion to amend, Wells seeks to add an additional ground not alleged in his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court entered an order denying Wells' motion to amend on the ground that it lacked jurisdiction to consider the motion because Wells had a direct appeal pending in this court on the same case. It appears that the trial court addressed only Wells' motion to amend, and that his original motion for postconviction relief is still pending in the trial court.
A motion to amend which adds new grounds should be handled in the same manner as a successive motion. See McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998). The trial court is correct that it lacked jurisdiction to entertain the motion during the pendency of Wells' direct appeal. See, e.g., Daniels v. State, 712 So.2d 765 (Fla.1998) (holding that the trial court is without jurisdiction to rule on a *25 motion for postconviction relief during the pendency of a direct appeal). However, such a prematurely filed motion should be dismissed rather than denied because a denial generally serves as a ruling on the merits. See, e.g., Burch v. State, 721 So.2d 1198 (Fla. 1st DCA 1998). We, therefore, reverse the order of denial and remand to the trial court. Because Wells has since voluntarily dismissed his direct appeal, the trial court now has jurisdiction to entertain both Wells' motion to amend and his original motion for postconviction relief.
Reversed and remanded.
PATTERSON, A.C.J., and FULMER and STRINGER, JJ., Concur.