732 So.2d 481 (1999)
Bilal Siddiq ALI, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00341.
District Court of Appeal of Florida, Second District.
May 21, 1999.
PER CURIAM.
Bilal Siddiq Ali appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Ali argues that the trial court erred in scoring his prior record with respect to his out-of-state convictions. Before the trial court ruled on the motion, Ali filed an appeal from the denial of a prior postconviction motion alleging that the sentencing guidelines under which he was sentenced were unconstitutional. The trial court ruled that, due to the pendency of that appeal, it lacked jurisdiction to consider Ali's motion. It therefore denied the motion without reaching the merits of Ali's claim. We *482 reverse because the trial court did have jurisdiction to entertain Ali's motion.
"[A]n appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated." Keel v. State, 24 Fla. L. Weekly D692, ___ So.2d ___, 1999 WL 122892 (Fla. 1st DCA March 10, 1999). (quoting Bates v. State, 704 So.2d 562, 563 (Fla. 1st DCA 1997)); accord Washington v. State, 24 Fla. L. Weekly D555, 734 So.2d 1085 (Fla. 1st DCA 1999) (noting "[r]ule 9.600(d) specifically states that a trial court retains jurisdiction to consider claims filed under [r]ule 3.800(a) even when a direct appeal is pending"); Montague v. State, 710 So.2d 228 (Fla. 2d DCA 1998) (concluding trial court had jurisdiction to consider rule 3.800(a) motion even though defendant had appeal pending from denial of postconviction motion alleging ineffective assistance of counsel).
Accordingly, we reverse and remand for the trial court to consider Ali's motion on the merits, provided the trial court finds the motion facially sufficient.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and THREADGILL and FULMER, JJ., Concur.