770 So.2d 1250 (2000)
Phillip ROSS, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 4D99-2772.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Rajeev Saxena, Assistant Attorney General, West Palm Beach, and Gary K. Milligan, Assistant Attorney General, Fort Lauderdale, for appellee/cross-appellant.
SHAHOOD, J.
We affirm the issues raised by appellant on direct appeal, but reverse on the state's cross-appeal.
On cross-appeal, the state argues, and we agree, that the trial court erred in failing to sentence appellant as a prison releasee reoffender. At the sentencing hearing, the trial court sentenced appellant as a habitual felony offender, but held that the prison releasee reoffender statute did not apply. The state objected on the grounds that the evidence did not support the court's findings, and that the state, rather than the court, had the discretion *1251 whether to apply the prison releasee reoffender statute. See § 775.082(8)(a)1(1997).[1] On appeal, the state argues that the court was under the belief that it possessed the discretion to refuse to impose a prison releasee reoffender under State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000).
Appellant acknowledges that a conflict exists among the district courts of appeal regarding a prosecutor's discretion to request that a defendant be sentenced as a prison releasee reoffender and concedes that a resolution of that conflict is dispositive in this case.
In State v. Cotton, 769 So.2d 345 (Fla. 2000), the Florida Supreme Court determined that the Prison Releasee Reoffender Act did not violate the separation of powers clause of the Florida Constitution. The Prison Releasee Reoffender Act removed substantially all sentencing discretion from the judicial branch, and placed it in the executive branch. See id. As a general principle, absent a compelling equal protection argument, the exercise of prosecutorial discretion in deciding whether to pursue violent career criminal, habitual felony offender or habitual violent felony offender sanctions is not generally subject to judicial review. See id. Based on its opinion in Cotton, the Florida Supreme Court quashed Wise. See State v. Wise, 762 So.2d 523 (Fla.2000).
Based on Cotton, the trial court in this case was without discretion to refuse to impose a prison releasee reoffender sentence. Accordingly, appellant's sentence must be reversed and remanded for resentencing. Upon resentencing, however, the court cannot sentence appellant under both the prison releasee reoffender act and the habitual felony offender act because to do so violates the double jeopardy clause. See Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
CONVICTION AFFIRMED; SENTENCE REVERSED, REMANDED FOR RESENTENCING.
KLEIN and GROSS, JJ., concur.
NOTES
[1] The 1998 Supplement to this section renumbered 775.082(8)(a)1 to 775.082(9)(a)1.