787 So.2d 35 (2001)
Anthony JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4355.
District Court of Appeal of Florida, Second District.
February 14, 2001.
Loren D. Rhoton, of Rhoton and Hayman, P.A., Tampa, for Appellant.
PER CURIAM.
Anthony Jones challenges the dismissal of his postconviction motion filed pursuant to Florida Rules of Criminal Procedure 3.850 attacking his homicide conviction. The trial court's order of dismissal recites the pendency of Jones's appeal in this court, and it references cases holding that a trial court lacks jurisdiction to consider a defendant's postconviction attack on his conviction while his direct appeal proceeds in the district court. See, e.g., Johnson v. State, 657 So.2d 11 (Fla. 2d DCA 1995). However, when Jones filed the motion at issue here the direct appeal of his conviction and sentence had in fact been completed and the mandate had issued. See Jones v. State, 743 So.2d 517 *36 (Fla. 2d DCA 1999) (per curiam affirmed) (table citation).
Accordingly, we reverse.
It is true that when the trial court took up consideration of Jones's motion, Jones did have an appeal pending in this court stemming from the same trial court case file. But that appeal was not from the judgment and sentence. Rather, it arose from the denial of a postconviction motion seeking to compel the production of transcripts. An appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated. See Ali v. State, 732 So.2d 481 (Fla. 2d DCA 1999); Montague v. State, 710 So.2d 228 (Fla. 2d DCA 1998); see also Keel v. State, 740 So.2d 4 (Fla. 1st DCA 1999).
Jones's attempts to secure transcripts were sufficiently unrelated to the multipronged postconviction attack on his judgment and sentence that the trial court should have entertained his motion on its merits. To hold otherwise could deprive a litigant of his right to attack his conviction, because the pendency of an appealother than one directly from the judgment and sentencedoes not toll the time limitations of Florida Rule of Criminal Procedure 3.850(b).
Reversed for consideration of Jones's motion on its merits.
THREADGILL, A.C.J., and NORTHCUTT and GREEN, JJ., Concur.