811 So.2d 813 (2002)
Onel MUNOZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-448.
District Court of Appeal of Florida, Third District.
March 20, 2002.
Rehearing Denied April 12, 2002.
Onel Munoz, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
FLETCHER, Judge.
Onel Munoz seeks certiorari review of the trial court's denial of his motion to amend his post-conviction relief petition, *814 which petition was filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons which follow, we treat his certiorari petition as an appeal and affirm.
Munoz filed his 3.850 motion, which the trial court denied, leading to his appeal. After receiving and reviewing the state's response, this court affirmed the denial of his post-conviction petition and issued its mandate. Munoz subsequently filed in the trial court a motion to amend his post-conviction petition, claiming that he did not have sufficient or competent advice from the prison law clerk assigned to his case, and that he has since discovered additional claims to include in his 3.850 petition.
The trial court properly considered the motion to amend as a second, successive 3.850 petition, as at the time the motion was filed the trial court and this court had ruled and all judicial effort on his post-conviction petition had terminated. We thus treat this certiorari petition as an appeal.
Munoz proffers as reasons for special relief his limited access to the prison law library, the alleged incompetence of his assigned law clerk, and his ignorance of the law. However, all defendants suffer these detriments and are still held to statutory rules and legal principles governing post-conviction relief. Munoz has not provided any extraordinary reasons or circumstances to justify the relief sought. His motion to amend, properly considered a second post-conviction motion, was correctly denied as successive. See e.g., Wells v. State, 736 So.2d 24 (Fla. 2d DCA 1999)(motion to amend petition for post-conviction relief should be handled in the same manner that the court would consider a successive motion under Fla. R.Crim. P. 3.850).