834 So.2d 882 (2002)
Miguel PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2202.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
Rehearing Denied February 6, 2003.
Carey Haughwout, Public Defender, Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, and Miguel Perez, Crestview, for appellant.
No appearance required for appellee.

EN BANC
PER CURIAM.
In this case, appellant moved in the circuit court to vacate his plea under Florida Rule of Criminal Procedure 3.850 while his direct appeal was pending. Paragraph thirteen of his motion recognized that the trial court was without jurisdiction to rule on the motion while the direct appeal was pending. The trial court dismissed the motion relying on Wilcher v. State, 805 So.2d 74 (Fla. 4th DCA 2002). Wilcher indicates that dismissal is the appropriate remedy under these circumstances, concluding that the trial court could not rule *883 on a 3.850 motion filed while an appeal is pending, even after the appeal is concluded and a mandate is issued returning jurisdiction to the trial court.
We find nothing in the criminal rules which requires dismissal under these circumstances. We believe that when the trial court is precluded by a pending appeal from ruling on a motion for post-conviction relief, the better procedure is to stay the post-conviction relief motion rather than dismiss it for lack of jurisdiction. See Washington v. State, 823 So.2d 248 (Fla. 4th DCA 2002). We recede from our prior opinion in Wilcher to the extent that it holds that the proper remedy is dismissal.
Reversed and remanded for further proceedings.
POLEN, C.J., GUNTHER, STONE, WARNER, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR and MAY, JJ., concur.
HAZOURI, J., recused.