831 So.2d 817 (2002)
Phillip ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4649.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Phillip Ross contends the trial court erred in its assessment of certain costs on resentencing. We agree.
Per this court's opinion in Ross v. State, 770 So.2d 1250 (Fla. 4th DCA 2000), Ross appeared before the trial court on December 14, 2000 for resentencing as a Prison Release Reoffender. § 775.082(9), Fla. Stat. (2000). A successor judge presided over this resentencing hearing. The judge sentenced Ross to thirty (30) years in prison with credit for time served, and provided, "The assessment of costs and public defender fees imposed by [predecessor judge] are hereby ratified and incorporated herein by reference as part of this *818 Court's sentence." These oral pronouncements were then set forth in a written order of disposition which assessed costs totaling $305.
Our review of the record supports Ross's contention that the predecessor judge had waived all costs at the initial sentencing hearing. The successor judge's oral pronouncement that he was ratifying and incorporating those assessments made by the predecessor judge (no costs), prevails over the subsequently entered, and inconsistent, written order ($305 costs). See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996)(where written order does not conform to oral pronouncement of sentence, latter prevails). As such, on remand the assessment of costs shall be deleted. We note Ross does not challenge the imposition of sentence itself, and the matter need only be remanded for correction of the erroneous cost assessment on the disposition slip.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ., concur.