PER CURIAM.
Bradley Leonard appeals an order entered March 12, 2002, by the Broward County Circuit Court, summarily denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. At the time the motion was filed and at the time the trial court ruled, appellant’s direct appeal from the revocation of his probation and the order denying his rule 3.800(b) motion for additional jail credit against his newly imposed sentence was pending in this court.[1] The trial court’s lack of jurisdiction at the time it entered the order on appeal rendered the order a nullity. See Daniels v. State, 712 So.2d 765, 765 (Fla.1998).
Accordingly, we vacate the March 12, 2002, order and direct the trial court on remand either to dismiss the motion with leave to refile, or to enter a new ruling on the motion. See Perez v. State, 834 So.2d 882, 882-83 (Fla. 4th DCA 2002) (en banc) (receding from Wilcher v. State, 805 So.2d 74 (Fla. 4th DCA 2002), to the extent this court held in Wilcher that the proper remedy in such cases is dismissal, explaining that dismissal is not required, but “when the trial court is precluded by a pending appeal from ruling on a motion for post-conviction relief, the better procedure is to stay the post-conviction relief motion rather than dismiss it for lack of jurisdiction”).
POLEN, C.J., FARMER and GROSS, JJ., concur.

. The notice of appeal was filed on February 16, 2001; this court affirmed, issuing its mandate on June 21, 2002. See Leonard v. State, 819 So.2d 786 (Fla. 4th DCA 2002).