846 So.2d 559 (2003)
Michael A. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D01-3912, 4D01-4715.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Rehearing Denied June 9, 2003.
*560 Carey Haughwout, Public Defender, Sophia Letts and Tara A. Finnigan, Assistant Public Defenders, and Michael A. Mitchell, DeFuniak Springs, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and, August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a motion for post-conviction relief, asserting ineffective assistance of counsel. He subsequently dismissed and refiled the motion to include a claim for resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court first ruled on the resentencing issue, granting the motion in part, and then resentencing Appellant as to one of his three counts.
While Appellant's direct appeal of the new sentence was pending in this court, the trial court considered and ruled on the first two grounds of the post-conviction motion, which challenged the original conviction, summarily denying them on the merits. The order denying these two remaining grounds was also appealed and the two appeals were consolidated. As for the appeal from the rule 3.850 denial, we affirm in part and reverse in part.
Appellant first argues that the trial court lacked jurisdiction to rule on the first two grounds of his rule 3.850 motion while the appeal from his resentencing was pending in this court. Generally, a trial court lacks jurisdiction to rule on a postconviction motion while the same defendant's direct appeal is pending. See, e.g., Wilcher v. State, 805 So.2d 74 (Fla. 4th DCA), receded from in part by Perez v. State, 834 So.2d 882 (Fla. 4th DCA 2002). Here, however, the direct appeal did not *561 pertain to his original judgment and sentence, but only to the new sentence imposed while the rule 3.850 motion was pending. The two grounds subsequently ruled on involved an entirely separate matter: whether Appellant was entitled to a new trial due to ineffective assistance of counsel.
We conclude that the trial court had jurisdiction because the issues were entirely unrelated. See generally Francois v. Klein, 431 So.2d 165 (Fla.1983)(explaining that a rule 3.850 motion could be considered by the trial court while a petition for writ of habeas corpus as to the same case was pending in the appellate court); Keel v. State, 740 So.2d 4 (Fla. 1st DCA 1999)(holding that a court can rule on a rule 3.850 motion when an appeal is pending from the denial of an unrelated rule 3.800(a) motion); Clark v. State, 720 So.2d 1097 (Fla. 2d DCA 1998)(holding trial court could consider merits of rule 3.850 motion, raising ineffective assistance of counsel claims, while appeal of sexual predator designation was pending). We note that if the trial court had denied resentencing, it could have ruled on a post-conviction motion while an appeal from the denial of resentencing was pending. See Keel. There is no reason for a different result, here, where the court granted resentencing.
Addressing the merits, we reverse the summary denial of the rule 3.850 motion as to the second ground and the second of three parts of Appellant's first ground for relief. In the second part of the first ground, Appellant alleged that his trial counsel was ineffective for failing to bring specific matters of juror misconduct to the trial court's attention, which he alleged his relatives brought promptly to defense counsel's attention during the trial. The trial court accepted the state attorney's argument that the issue should have been raised on direct appeal, but nothing is attached to the order to indicate that there was anything in the record which might have alerted appellate counsel to such an issue. The ground is legally sufficient. See McGraw v. State, 796 So.2d 1205 (Fla. 4th DCA 2001); Thomas v. State, 700 So.2d 407, 408 (Fla. 4th DCA 1997).
Appellant's second ground alleged that on the last day of his trial, August 7, 1997, the presiding judge instructed the bailiff to lock the courtroom doors, and, as a consequence, Appellant's family and friends were told they could not attend. He argued, in the alternative, that closing the trial was fundamental error, citing Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999)(excluding public from part of trial reviewable on appeal despite lack of contemporaneous objection) and that his trial counsel was ineffective for failing to object, resulting in the issue not being preserved for appellate review. The trial court's order accepted the state's argument that this was an issue that could have been raised on direct appeal, citing Campbell-Eley v. State, 756 So.2d 1043 (Fla. 4th DCA 2000)(reversing conviction where judge required all persons to vacate the room). After the trial court's ruling, this court receded from Williams and held, in Alvarez v. State, 827 So.2d 269, 276 (Fla. 4th DCA 2002), that the failure to object to the closure of a trial constitutes a waiver of the right to a public trial. Regardless of whether Alvarez may have any application to the instant case, which we do not decide here, nothing was attached to the order of denial to indicate that anything appeared in the record to alert appellate counsel of the existence of this issue.
Accordingly, we reverse the summary denial as to the second ground and the second part of the first ground and remand to the trial court, either for an evidentiary *562 hearing or the attachment of record excerpts conclusively refuting these two grounds for relief. We affirm, without discussion, the summary denial of the balance of the motion.
Case no. 01-3912 is affirmed; case no. 01-4715 is affirmed in part, reversed in part, and remanded for further proceedings.
STONE, FARMER and MAY, JJ., concur.