844 So.2d 753 (2003)
Nathaniel Jerome OTTESEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5629.
District Court of Appeal of Florida, Second District.
May 9, 2003.
*754 COVINGTON, Judge.
Nathaniel Jerome Ottesen appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Ottesen raised fifteen grounds of ineffective assistance of counsel. The trial court dismissed the motion on the ground that it did not have jurisdiction to consider the motion because an appeal was pending in this court. See Johnson v. State, 657 So.2d 11 (Fla. 2d DCA 1995). However, as Ottesen noted in his motion, his direct appeal had been final for almost two years when he filed this motion. See Otteson v. State, 773 So.2d 549 (Fla. 2d DCA 2000) (table). Therefore, the trial court did not lack jurisdiction to consider this motion due to a pending direct appeal.
At the time Ottesen filed the rule 3.850 motion, an appeal of the denial of a motion to correct illegal sentence filed pursuant to rule 3.800(a) was pending in this court. However, the pending rule 3.800(a) appeal did not deprive the trial court of jurisdiction to consider the current rule 3.850 motion because the issues raised in the motions are unrelated. See Jones v. State, 787 So.2d 35 (Fla. 2d DCA 2001); Ali v. State, 732 So.2d 481 (Fla. 2d DCA 1999); Montague v. State, 710 So.2d 228 (Fla. 2d DCA 1998). Accordingly, we reverse and remand for the trial court to consider the merits of Ottesen's rule 3.850 motion.
Reversed and remanded.
ALTENBERND, C.J., and KELLY, J., Concur.