ALTENBERND, Chief Judge.
Curtis James Robertson appeals the denial of his motion seeking postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied this motion as untimely. We reverse.
*103 Mr. Robertson was charged with burglary of a dwelling and violation of a domestic violence injunction for events occurring on January 2, 2000. While subject to the domestic violence injunction, he apparently returned to his former home, where his ex-wife was living, with the intent to commit suicide. He entered the home without consent and refused his ex-wife’s requests that he leave. He attempted suicide by cutting his wrists but claims that he cut his wrists before he entered the home.
In May 2000, he pleaded guilty to these offenses and was placed on probation. He did not appeal his judgment and sentence. A few months later, he violated the terms of his probation. As a result, he was sentenced in August 2001 to five years’ incarceration. Mr. Robertson appealed the order on violation of probation and the sentence imposed as a result of the violation. This court affirmed the direct appeal, case number 2D01-4382, and issued mandate on February 19, 2003. See Robertson v. State, 840 So.2d 241 (Fla. 2d DCA 2003) (table decision).
While Mr. Robertson’s direct appeal of the order revoking his probation was pending, he filed a motion for postconviction relief in the trial court challenging his convictions and raising a jail credit issue. He argued that he may have committed trespass, but that he did not commit burglary.[1] He claimed that his lawyer was ineffective in advising him to plead guilty to burglary. On June 13, 2002, the trial court denied this motion on the ground that it could not be filed while a direct appeal was pending. Mr. Robertson appealed that ruling in case number 2D02-3043. See Robertson v. State, 827 So.2d 997 (Fla. 2d DCA 2002) (table decision). We affirmed the trial court in August 2002 with a per curiam opinion that merely cited to Wells v. State, 736 So.2d 24 (Fla. 2d DCA 1999), and Daniels v. State, 712 So.2d 765 (Fla.1998). Both Wells and Daniels hold that a trial court is without jurisdiction to rule on a motion filed pursuant to rule 3.850 during the pendency of a direct appeal. See Wells, 736 So.2d at 24; Daniels, 712 So.2d at 765.
The day after this court issued mandate in the direct appeal of the order revoking his probation, Mr. Robertson refiled his postconviction motion. The trial court entered an order denying this motion without an evidentiary hearing on the ground that the original judgment and sentence were entered in May 2000 and that this second motion was untimely.[2] Mr. Robertson is understandably perplexed by the inconsistency within these rulings.
Although the general rule states that a trial court lacks jurisdiction to rule on a postconviction motion when a direct appeal is pending, the case law has recognized that a trial court has jurisdiction to resolve a motion when the appeal relates to an earlier postconviction motion, Ottesen v. State, 844 So.2d 753 (Fla. 2d DCA 2003), or to an issue such as sexual predator designation, Clark v. State, 720 So.2d 1097 (Fla. 2d DCA 1998). If the postconviction motion is unrelated to the matters on appeal and could not affect the order that is pending in the appellate court on direct appeal, there is a tendency to allow the trial court to resolve the postconviction motion. The problem, of course, is that *104 the trial court is often m a position where it does not know whether the postconviction motion could affect the judgment and sentence on appeal.
The Fourth District has recently attempted to solve the problem of premature postconviction motions. In order to avoid unnecessary appeals, that district is now encouraging trial courts to stay such motions pending the outcome of the direct appeal. See Perez v. State, 834 So.2d 882 (Fla. 4th DCA 2002). Such an approach may require the trial court clerk to expend a little extra effort on case management, but it avoids the time and expense incurred by the trial court clerk in preparing records for appeals from such premature motions. Trial courts in the Second District would do well to follow the approach suggested by the Fourth District.
The issues raised in Mr. Robertson’s first motion may have been sufficiently separate from the direct appeal that they could have been resolved at that time. Even if the trial court had the authority to resolve them at that time, it ruled that it did not. This court affirmed both the ruling and the reasoning of the trial court. Accordingly, both the trial court and this court are bound by our earlier rulings. Based on those rulings, Mr. Robertson’s motion was not untimely and should be reviewed on its merits.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.

. From our record it is unclear what crime the State maintained that Mr. Robertson entered the home to commit. It may be that the criminal violation of the domestic violence injunction occurred within the home.

. The motion also raised a jail credit issue that was resolved on other grounds. Mr. Robertson does not challenge that ruling on appeal, and the order has attachments supporting that ruling. Thus, the trial court does not need to address that issue on remand.