927 So.2d 1030 (2006)
Drew C. HARTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2137.
District Court of Appeal of Florida, Second District.
May 5, 2006.
KELLY, Judge.
Drew C. Hartley challenges the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court dismissed Hartley's rule 3.850 motion because Hartley has a direct appeal pending in case number 2D03-4825. While the general rule states that a trial court lacks jurisdiction to rule on a postconviction motion when a direct appeal is pending, if the postconviction motion is unrelated to the matters raised in the direct appeal, the trial court may resolve the postconviction motion. Robertson v. State, 862 So.2d 102 (Fla. 2d DCA 2003).
Although Hartley has an appeal pending in case number 2D03-4825, the appeal is a direct appeal of the trial court's probation revocation order. In his postconviction motion, Hartley seeks relief from his underlying convictions. Because the two are unrelated, the postconviction court erred by dismissing Hartley's motion on the ground that it did not have jurisdiction to rule. See id. Accordingly, we reverse the order of the postconviction court and remand for consideration of Hartley's motion on the merits.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.