PER CURIAM.
We vacate the portion of the October 21, 2005, lower court order denying claim five of appellant’s rule 3.850 motion as the lower court did not have jurisdiction to rule on this claim while an appeal was pending in this court. Perez v. State, 834 So.2d 882 (Fla. 4th DCA 2002) (en banc). We remand with directions for the lower court to stay the proceedings on this claim until the pending appeal is resolved or to dismiss the claim without prejudice to refile when jurisdiction returns to the court. Cazeau v. State, 858 So.2d 1213 (Fla. 4th DCA 2003). However, the “better practice ... is to stay proceedings on the motion until resolution of the pending appeal.” Owens v. State, 911 So.2d 1277, 1277 (Fla. 4th DCA 2005). Claims one, two and three are affirmed. We also affirm the denial of claim four without prejudice to refile a legally sufficient claim alleging on what date the defendant discovered counsel’s affirmative misadvice. Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003).
POLEN, HAZOURI and MAY, JJ., concur.