930 So.2d 863 (2006)
John CROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5446.
District Court of Appeal of Florida, Second District.
June 23, 2006.
*864 KELLY, Judge.
John Cross challenges the postconviction court's dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court determined that it lacked jurisdiction because Cross had an appeal pending in this court when he filed the rule 3.850 motion. We reverse because the trial court did have jurisdiction to entertain Cross's motion.
Cross's judgments and sentences became final in 2000. Since then he has filed numerous unsuccessful postconviction motions with one exception. Cross filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) which the trial court granted in part, and it then resentenced Cross. The appeal from the resentencing was pending in this court when Cross filed his rule 3.850 motion challenging his convictions based on newly discovered evidence. The trial court concluded that Cross's appeal of his new sentences divested it of jurisdiction over his rule 3.850 motion.
"[A] trial court is divested of jurisdiction upon notice of an appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court." Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979) (emphasis added). In accordance with this general rule, this court has held that "[a]n appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated." Jones v. State, 787 So.2d 35, 36 (Fla. 2d DCA 2001); see also Hartley v. State, 927 So.2d 1030 (Fla. 2d DCA 2006); Ottesen v. State, 844 So.2d 753 (Fla. 2d DCA 2003); Ali v. State, 732 So.2d 481 (Fla. 2d DCA 1999). On the other hand, we have recognized that trial courts lack jurisdiction to consider the merits of a defendant's rule 3.850 motion while the direct appeal of the defendant's judgment and sentence is pending. See, e.g., Johnson v. State, 657 So.2d 11 (Fla. 2d DCA 1995).
Cross's appeal did not pertain to his original judgments or sentences but to new sentences imposed as a result of a successful postconviction motion. Because this case involves an appeal from sentences imposed following a postconviction motion, *865 we conclude that the trial court was not divested of jurisdiction as it would have been had the pending appeal been from the original sentences or from new sentences imposed on remand after a successful direct appeal. Compare Mitchell v. State, 846 So.2d 559 (Fla. 4th DCA 2003) (holding that an appeal from a new sentence imposed pursuant to a postconviction motion did not divest the trial court of jurisdiction to consider a pending rule 3.850 motion in the same case), with Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003) (noting that the trial court would not have had jurisdiction to consider the merits of a rule 3.850 motion filed during the pendency of an appeal from a sentence that the trial court had imposed on remand from a successful direct appeal of the original sentence). Because the claim Cross asserts in his rule 3.850 motion is unrelated to the issues he raises in the appeal from the new sentences, the trial court had jurisdiction to consider it. Accordingly, we reverse the postconviction court's order of dismissal and remand for the court to consider Cross's rule 3.850 motion provided it is facially sufficient.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.