947 So.2d 699 (2007)
Philip J. ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3129.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Philip J. Ross, Immokalee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse an order denying Ross' rule 3.850 motion as untimely filed. For the reasons expressed below, we conclude the motion was timely filed within the time allowed under Florida Rule of Criminal Procedure 3.850. Therefore, we remand for consideration of the motion on the merits.
On June 17, 1998, a jury found Ross guilty of robbery with a weapon, a lesser-included offense to robbery with a deadly weapon. On direct appeal, this court affirmed the conviction, but reversed the sentence imposed because the lower court failed to impose a prison releasee reoffender sentence, even though Ross qualified for such an enhanced sentence. Ross v. State, 770 So.2d 1250, 1251 (Fla. 4th DCA 2000) [Ross I] ("the trial court in this case was without discretion to refuse to impose a prison releasee reoffender sentence. Accordingly, appellant's sentence must be reversed and remanded for resentencing. Upon resentencing, however, the court cannot sentence appellant under both the prison releasee reoffender act and the habitual felony offender act because to do so violates the double jeopardy clause."). On December 14, 2000, the trial court imposed a new sentence in accordance with this court's mandate. On December 18, 2000, through his public defender, Ross filed a timely notice of appeal, thus invoking this court's jurisdiction. The sole issue involved in this second appeal was the imposition of costs. In Ross v. State, 831 So.2d 817 (Fla. 4th DCA 2002) [Ross II], we determined the trial court erred and stated "the assessment of costs shall be deleted. We note Ross does not challenge the imposition of [the] sentence itself, and the matter need only be remanded for correction of the erroneous cost assessment on the *701 disposition slip." Id. at 818. The mandate in this case issued on December 27, 2002.
On April 15, 2003, Ross filed the instant motion seeking post-conviction relief, raising claims of ineffective assistance of counsel during his trial. The lower court denied relief, concluding the motion was untimely filed as the two-year limitations period began to run after the imposition of the new sentence after Ross I. We disagree.
In Pierce v. State, 875 So.2d 726 (Fla. 4th DCA 2004), this court followed the interpretation of Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003), and concluded "that the two-year window commences when both the conviction and sentence are final." Id. at 729. To do otherwise would allow for an "absurd result" where a defendant could be absolutely precluded from filing a rule 3.850 motion when the conviction became final after the window closed while the sentence was pending on appeal. Id. The general premise is related to the principle that a lower court does not have jurisdiction to consider a rule 3.850 motion while the judgment and sentence are pending on appeal in the district court. See Mitchell v. State, 846 So.2d 559, 560 (Fla. 4th DCA 2003) ("a trial court lacks jurisdiction to rule on a postconviction motion while the same defendant's direct appeal is pending"); see also Cross v. State, 930 So.2d 863 (Fla. 2d DCA 2006) ("[W]e have recognized that trial courts lack jurisdiction to consider the merits of a defendant's rule 3.850 motion while the direct appeal of the defendant's judgment and sentence is pending.").
In the instant case, Ross properly invoked the jurisdiction of this court in Ross II, after the imposition of the new sentence, thus removing jurisdiction from the lower court. Had Ross filed a rule 3.850 motion while this court considered the merits of Ross II, the lower court would have been correct to hold that case in abeyance (or dismiss without prejudice) because it did not have jurisdiction to consider the merits. This case presents a different set of facts from those where a lower court had jurisdiction to consider a rule 3.850 motion while the defendant appealed a new sentence imposed after getting relief from a separate postconviction motion. Cf. Clark v. State, 720 So.2d 1097 (Fla. 2d DCA 1998) (Trial court could consider the merits of rule 3.850 motion, raising ineffective assistance of counsel claims, while appeal of sexual predator designation was pending.); Cross v. State, 930 So.2d 863, 864-65 (Fla. 2d DCA 2006) ("Because this case involves an appeal from sentences imposed following a postconviction motion, we conclude that the trial court was not divested of jurisdiction as it would have been had the pending appeal been from the original sentences or from new sentences imposed on remand after a successful direct appeal.").
The time, under rule 3.850(b), began to run after this court issued its mandate in Ross II and the lower court struck the offending costs portion of the sentence. The issues raised by Ross in his second appeal are inconsequential to the consideration of jurisdiction. The fact that Ross properly and timely invoked this court's jurisdiction to review the new sentence, imposed after the first direct appeal, is the sole consideration when determining the jurisdiction of the lower court to consider a rule 3.850 motion.
Reversed and remanded.
STONE, POLEN and FARMER, JJ., concur.