971 So.2d 817 (2007)
Dale Lee LENOIR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1788.
District Court of Appeal of Florida, Third District.
October 3, 2007.
Rehearing and Rehearing Denied December 13, 2007.
Dale Lee Lenoir, in proper person.
Bill McCollum, Attorney General, and William J. Selinger, Assistant Attorney General, and Richard L. Polin, Bureau Chief, for appellee.
*818 Before COPE, GREEN, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied December 13, 2007.
SUAREZ, J.
The defendant appeals the denial of a petition for writ of habeas corpus on grounds that he was improperly denied a belated appeal of his convictions for attempted second-degree murder and unlawful possession of a firearm while engaged in a criminal offense. We affirm the trial court's order denying the petition for writ of habeas corpus.
In April of 1992, the defendant was convicted of second-degree attempted murder and unlawful possession of a firearm while engaged in a criminal offense. His convictions were affirmed on direct appeal. See Lenoir v. State, 611 So.2d 112 (Fla. 3d DCA 1993). On January 23, 1995, he filed a Florida Rule of Criminal Procedure 3.850 post-conviction relief motion which was denied by the trial court. The defendant filed a notice of appeal of the denial of the 3.850 motion which was affirmed by this Court. See Lenoir v. State, 654 So.2d 929 (Fla. 3d DCA 1995). The defendant has filed numerous motions to vacate his sentence and for post-conviction relief in addition to petitions for writ of mandamus and habeas corpus-all of which have been denied by the trial court and affirmed by this Court.
In his instant appeal, the defendant contends that he is entitled to a belated appeal because he was improperly denied an evidentiary hearing on his January 23, 1995, 3.850 motion for post-conviction relief. The State contends there is no entitlement to a belated appeal of the order denying the motion filed in 1995, as more than two years has elapsed. Florida Rule of Appellate Procedure 9.141(c)(4) imposes a two-year, time limit on a petition for a belated appeal. The only exception is if the petitioner was unaware that an appeal had not been timely filed or was not advised of the right to appeal. The defendant admits that he filed a notice of appeal of the 3.850 motion, and that it was ruled upon by the trial court and affirmed by this Court in 1995. Obviously, he was aware of the necessity to timely file the appeal. Therefore, his petition does not fall within the exceptions to the two-year, time limitation. Since all judicial effort on the post-conviction motion has terminated, see Munoz v. State, 811 So.2d 813 (Fla. 3d DCA 2002), the defendant is barred from seeking a belated appeal under Florida Rule of Appellate Procedure 9.141(c)(4).
On an appeal from the denial of a petition for writ of habeas corpus, there is no authority to reopen a motion which already has been denied and appealed, both as a direct appeal and as a post-conviction appeal.
We affirm the trial court's denial of the petition for writ of habeas corpus.