PER CURIAM.
Jeffrey Merritt appeals his sentence for burglary. He argues that the trial court erred when it did not require the State to corroborate the accuracy of the prior convictions that were used in computing his guidelines scoresheet. In addition, Mr. Merritt argues that the 1995 sentencing guidelines are unconstitutional.
At sentencing, Mr. Merritt objected to the inclusion of points on the scoresheet for certain prior convictions. We agree that the State was required to produce competent evidence of the prior convictions in light of Mr. Merritt’s objection. See Wills v. State, 561 So.2d 1355, 1356 (Fla. 2d DCA 1990). Accordingly, we reverse his sentence for burglary and remand for resentencing.
This court recently requested the supreme court to determine the constitutionality of the 1995 guidelines as a matter requiring immediate resolution. See Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). It is not entirely clear whether Mr. Merritt’s sentence would be affected by calculation under the earlier guidelines. Thus, upon remand, if he chooses, he may raise and preserve this issue in the trial court.
Reversed and remanded for resentencing.
PARKER, C.J., and ALTENBERND and QUINCE, JJ„ concur.