733 So.2d 1094 (1999)
Tyrone J. SKEENS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00836.
District Court of Appeal of Florida, Second District.
May 14, 1999.
*1095 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Tyrone J. Skeens appeals his convictions and sentences for sexual battery[1] and lewd and lascivious act upon a child under sixteen.[2] He raises four issues but we find merit in only one: whether the two convictions violate his constitutional right not to be twice put in jeopardy for the same offense. We affirm the other issues with only a brief comment on one.
On March 5, 1996, Mr. Skeens went to the home of the fourteen-year-old victim with whom he was acquainted. No other persons were in the home at the time. According to the victim, after they visited for a short while she said she had to leave for an appointment. As she walked to the door, Mr. Skeens grabbed her shoulder and attempted to kiss her. She rebuffed his advance, whereupon he pushed her down onto a couch. He then pulled her clothing down from her waist and, despite her pleas to stop, he forced her legs apart and stuck his penis into her vagina. Mr. Skeens testified that the intercourse was consensual. The jury believed the victim and found Mr. Skeens guilty as charged in the two-count information.
The issue presented is whether, based on this evidence, the two convictions violate Mr. Skeens' right to be free from double jeopardy as guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution. In State v. Hightower, 509 So.2d 1078 (Fla.1987), our supreme court examined the language of the statutes that defined these two crimes,[3] and held that the crimes of sexual battery and lewd and lascivious act were mutually exclusive when based on the same act. The supreme court further observed that a cautious prosecutor would charge both offenses but should recognize that only one conviction can be obtained for the same conduct. Id. at 1079 n. 4. The prosecutor worded the information that charged Mr. Skeens in this careful manner.
In Audano v. State, 641 So.2d 1356 (Fla. 2d DCA 1994), we reviewed whether the penetration of a victim's vagina by the defendant's fingers and the touching of her vagina with the defendant's hands, when based on the same evidence and occurring during the same time period, could sustain two convictions, one for sexual battery and the other for committing a lewd and lascivious act. We held that in such circumstances the lewd and lascivious act conviction could not stand. That holding applies here because the evidence is undisputed that Mr. Skeens committed only one penile penetration that constituted the crime of sexual battery.
When the trial court sentenced Mr. Skeens for these two convictions, it used a scoresheet prepared under the 1995 sentencing guidelines. In Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), we questioned, without deciding, whether this version of the guidelines was unconstitutional and referred the issue to the supreme court for immediate resolution. As yet, the supreme court has not resolved this issue. Upon remand when the trial court resentences Mr. Skeens for only one conviction, Mr. Skeens may take such action as he deems proper to preserve any sentencing *1096 issue pending resolution of Heggs by the supreme court. Cf. Merritt v. State, 718 So.2d 1263 (Fla. 2d DCA 1998) (unclear whether defendant's sentence would be affected by calculation under earlier guidelines so, on remand, he may choose to raise and preserve issue in the trial court).
Conviction for sexual battery affirmed; conviction for lewd and lascivious act reversed; and remanded for resentencing in accordance with this opinion.
BLUE, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1995).
[2] § 800.04(3), Fla. Stat. (1995).
[3] The supreme court examined the 1983 version of the statutes, which are not materially different from the statutes under which Mr. Skeens was charged and convicted.