842 So.2d 1057 (2003)
Michael Edward LINDSAY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4096.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Michael Edward Lindsay, Crestview, pro se.
*1058 Charles J. Crist, Jr., Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Edward Lindsay (Appellant) appeals from an order dismissing his motion for postconviction relief for lack of jurisdiction. We reverse.
On August 14, 2000, Appellant pleaded guilty to multiple counts and, pursuant to a negotiated agreement, was sentenced concurrently to three years of incarceration, to be followed by fifteen years probation, with credit for 965 days time served, with a three-year firearm mandatory minimum. His sentence was subsequently vacated as being illegal. He was resentenced on December 18, 2000, to two years of community control, followed by five years of probation on counts I, III, and IV, concurrently, with a three-year minimum mandatory for counts IV and V, and with 1,121 days credit for time served. The special conditions of his sentence included a requirement that he successfully complete the BARC-IRT twenty-eight day inpatient program. On January 10, 2001, Appellant was returned to court and the BARC-IRT program was deleted from his sentence.
Thereafter, Appellant was found guilty of four technical violations. His probation was revoked and on August 30, 2001, he was sentenced to 15.8 years in prison on counts I-IV, concurrently. He appealed to this court.[1]
On August 16, 2002, while the revocation appeal was pending, Appellant filed a rule 3.850 motion for postconviction relief, raising ten grounds for relief, all alleging either lack of factual basis for the original plea, ineffective assistance of counsel at the time of the original plea or on the subsequent resentencing in November 2000 or January 2001, or breach of the original plea agreement in connection with the November 2000 and January 2001 resentencing. None of the grounds concerned the revocation of his probation and subsequent resentencing, other than a claim that counsel at the time of the plea was ineffective for failing to inform him of the consequences of violating probation. The trial court dismissed the motion for postconviction relief for lack of jurisdiction because Appellant's direct appeal of the revocation of probation and resentencing was still pending.
It is true that "a trial court has no power to rule on an issue which would interfere with the authority of the appellate court." Washington v. State, 823 So.2d 248, 249 (Fla. 4th DCA 2002). However, even if the trial court lacked jurisdiction to rule on the instant motion because of the pending direct appeal, instead of dismissing the motion, as this court recently noted in Washington and Perez v. State, 834 So.2d 882 (Fla. 4th DCA 2002), the better practice would have been to stay the motion until jurisdiction returned. Appellant's conviction based on his original plea became final in September 2000, thirty days after his original sentencing; with respect to some claims asserted in his motion, the sentence became final thirty days after his resentencing in November 2000 and January 2001. Therefore, the time for filing a timely rule 3.850 motion from the original conviction and from the sentencing prior to the revocation has now expired. See Zeigler v. State, 632 So.2d 48, 50 (Fla.1993) (noting that the two-year time limit for challenging a conviction commences when the conviction alone became *1059 final and not when the conviction and sentence both became final), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994); Kissel v. State, 757 So.2d 631, 632 (Fla. 5th DCA 2000) (where defendant filed motion for postconviction relief after rule 3.800(a) motion was granted, denying first three claims as untimely, citing Zeigler for proposition that "two-year time period for challenging a conviction commenced when the conviction alone became final, not when both the conviction and sentence became final").
Furthermore, as the state concedes in response to this court's order to show cause, the pending appeal of Appellant's probation revocation did not cause the trial court to lose jurisdiction as to his challenge to the original plea or his subsequent resentencing based on that plea because the issues before this court on appeal from the revocation of probation were unrelated to those before the trial court in the postconviction motion. See generally Francois v. Klein, 431 So.2d 165 (Fla.1983) (explaining that a rule 3.850 motion could be considered by the trial court while a petition for writ of habeas corpus as to the same case was pending in the appellate court); Jones v. State, 787 So.2d 35 (Fla. 2d DCA 2001) (ruling that the trial court should not have dismissed a rule 3.850 motion while a prior unrelated postconviction motion was on appeal); Norman v. State, 739 So.2d 1258 (Fla. 1st DCA 1999) (holding that a court can rule on a 3.850 motion when an appeal is pending from an unrelated rule 3.800(a) motion).
On remand, the trial court is directed to consider the merits of Appellant's motion.
WARNER, STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] This court affirmed on March 5, 2003, see Lindsay v. State, 839 So.2d 829, (Fla. 4th DCA 2003).