843 So.2d 1043 (2003)
David P. SNIPES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1424.
District Court of Appeal of Florida, Second District.
May 9, 2003.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
David P. Snipes challenges the trial court's order denying as untimely his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Snipes was convicted of first-degree murder and sentenced to death. The Supreme Court of Florida affirmed his conviction but reversed his death sentence with directions to the trial court to impose *1044 upon remand a sentence of life imprisonment. Snipes v. State, 733 So.2d 1000 (Fla.1999). The supreme court's mandate issued on this direct appeal on May 24, 1999. After the trial court complied with the supreme court's mandate and imposed a life sentence, Snipes appealed that sentence to this court. This court affirmed his sentence, Snipes v. State, 781 So.2d 369 (Fla. 2d DCA 2000), and issued its mandate on January 16, 2001.
On January 4, 2002, Snipes filed a postconviction motion in the trial court, the denial of which is the subject of this proceeding. The trial court's order determined that the judgment that Snipes was attacking became final when the mandate issued from the supreme court affirming the judgment on May 24, 1999, and that the two-year time limitation of rule 3.850(b) began to run at that time, thus rendering his January 4, 2002, motion untimely. Snipes argues that the time limitation of the rule did not commence until this court's affirmance of his sentence on remand became final on January 16, 2001.
The unequivocal language of rule 3.850(b) supports Snipes' contention:
A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case....
(Emphasis added.) See also Oliver v. State, 734 So.2d 1083 (Fla. 1st DCA 1999) (holding that the two-year time limitation of rule 3.850 does not commence until the sentence becomes final).
We also note the well-established principle that while appeal proceedings are pending in an appellate court, the trial court is without jurisdiction to consider the merits of a motion for postconviction relief filed pursuant to rule 3.850. Daniels v. State, 712 So.2d 765, 765 (Fla.1998); Cannady v. State, 771 So.2d 1266 (Fla. 2d DCA 2000). As such, had Snipes filed his postconviction motion during the pendency of the appeal in this court, the trial court would have been without jurisdiction to entertain it. Snipes's two-year window to pursue postconviction relief, under the trial court's analysis of this issue, would have been reduced from two years to about four months. Had this court's decision affirming the sentence been delayed by those four months, Snipes would, under the trial court's reasoning, have forfeited his postconviction rights altogether by exercising his right to appeal the life sentence.
The trial court's order denying Snipes's postconviction motion as untimely is reversed for consideration of its claims on the merits.
Reversed and remanded.
FULMER and COVINGTON, JJ., concur.