PER CURIAM.
Tyrone J. Skeens appeals the trial court’s dismissal for untimefiness of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the trial court to consider Skeens’ motion on the merits.
In 1996, Skeens was convicted by a jury of one count of sexual battery and one count of lewd and lascivious act upon a child under sixteen. He was sentenced to fifteen years in prison on each count to run concurrently. Skeens appealed and this court in Skeens v. State, 733 So.2d 1094, 1096 (Fla. 2d DCA 1999) (Skeens I), affirmed the sexual battery conviction, reversed the lewd and lascivious conviction, and remanded for resentencing.
In 1999, Skeens was resentenced under the 1995 sentencing guidelines to thirteen years in prison for the sexual battery. Skeens again appealed and this court in Skeens v. State, 779 So.2d 418 (Fla. 2d DCA 2000) (Skeens II), remanded the case back to the sentencing court for reconsideration in fight of Heggs v. State, 759 So.2d 620 (Fla.2000).
In 2000, Skeens was resentenced under the 1994 sentencing guidelines to nine years in prison for the sexual battery. He did not appeal this sentence. On October 21, 2002, Skeens filed a rule 3.850 motion which the trial court dismissed as untimely. The trial court ruled that the sexual battery conviction became final upon the issuance of this court’s mandate for Skeens I in 1999. The trial court also ruled that the sexual battery conviction could no longer be challenged by a rule 3.850 motion filed in 2002.
*495 However, this court in Snipes v. State, 843 So.2d 1043, 1044 (Fla. 2d DCA 2003), has recently held that the two-year time limitation of rule 3.850(b) cannot begin to run until the direct appeal process has concluded. We note that the Snipes opinion was not available to the trial court when it made its rulings in this case.
For Skeens, since his conviction was affirmed by his initial direct appeal (Skeens I) and he did not appeal the sentence imposed after his second direct appeal (Skeens II), the direct appeal process ended and his judgment and sentence became final on December 13, 2000, when the time expired for the filing of a direct appeal from his second resentencing. See McGee v. State, 684 So.2d 241, 242 (Fla. 2d DCA 1996) (holding that a judgment and sentence which are not appealed become final when “the thirty-day period for taking an appeal has expired”).
Accordingly, Skeens had until December 13, 2002, to file a timely rule 3.850 motion. See Fla. R.Crim. P. 3.850(b). Skeens filed his motion with the circuit court on October 21, 2002. Skeens’ rule 3.850 motion was timely. The order of the trial court dismissing Skeens’ rule 3.850 motion as untimely is reversed and this case is remanded for the trial court to consider the motion on its merits.
Reversed and remanded.
SALCINES, STRINGER, and COVINGTON, JJ., concur.