875 So.2d 726 (2004)
Kenneth PIERCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4085.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
*727 Kenneth Pierce, Belle Glade, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Pierce appeals the trial court's order denying his post-conviction motion as untimely. We reverse and remand for the trial court to consider the merits of the motion. The trial court was of the view that our opinion in Lindsay v. State, 842 So.2d 1057 (Fla. 4th DCA 2003), requires denial of post-conviction relief. The trial court interpreted Lindsay as holding that the two-year period for filing a rule 3.850 motion commences from the date a conviction became final, rather than from the date that both conviction and sentence became final.
The appellate history of this case is extensive. This court, on direct appeal, reversed Pierce's conviction and remanded for a new trial. Pierce v. State, 671 So.2d 186, 191 (Fla. 4th DCA 1996). Thereafter, the supreme court disagreed with this court. State v. Pierce, 686 So.2d 572 (Fla. 1996). This court then affirmed in part and reversed in part, remanding for a new sentencing hearing. Pierce v. State, 718 So.2d 806 (Fla. 4th DCA 1997). After the trial court imposed a new sentence, this court affirmed the convictions in counts I, IV, and V; however, we overturned the convictions in counts II and III based on double jeopardy violations and a mandate issued on November 19, 1999. Pierce v. State, 744 So.2d 1193, 1196 (Fla. 4th DCA 1999).
Subsequently, the lower court imposed a sentence that included a habitual offender enhancement. Pierce filed a rule 3.800(b) motion to correct this sentence, contending the enhancement due to his habitual status was illegal. The lower court denied relief, and Pierce appealed the new sentence to this court, which was affirmed without opinion. Pierce v. State, 795 So.2d 74 (Fla. 4th DCA 2001).[1] The mandate for this decision was issued on October 1, 2001.
The instant rule 3.850 motion was filed on August 28, 2002, in which Pierce alleged nine (9) instances of ineffective assistance of trial counsel, all relating to his convictions. The trial court concluded Pierce's convictions were final when this court upheld the convictions to counts I, IV, and V in November 1999, thus, rendering his motion untimely.
Pursuant to rule 3.850, a defendant has only two years from the date his conviction and sentence become final to file a collateral attack. Rule 3.850(b) states that, "[n]o other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case...."
We have considered Lindsay and deem it inapposite, notwithstanding its statement that "the time for filing a timely rule 3.850 motion from the original conviction and from the sentencing prior to the revocation [of probation] has now expired." 842 So.2d at 1058 (relying upon Zeigler v. State, 632 So.2d 48, 50 (Fla.1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994)). This court, in a parenthetical *728 to the Zeigler citation, stated that Zeigler stood for the proposition that "the two-year time limit for challenging a conviction commences when the conviction alone became final and not when the conviction and sentence both became final." Lindsay, 842 So.2d at 1058-59.
In Lindsay, we held that the trial court had jurisdiction to consider a claim under rule 3.850, challenging the defendant's initial conviction, notwithstanding a pending appeal from a subsequent violation of probation. Id. Zeigler, however, does not stand for this proposition. In Zeigler, the appellant was originally convicted and sentenced in 1976, and had his convictions and death sentence (along with other sentences) affirmed on appeal in 1982. 632 So.2d at 49. However, after a few rule 3.850 motions, the supreme court vacated the death sentences and remanded for new sentencing in 1988. Id. at 50. Upon the re-sentencing, the appellant was again sentenced to death, which the supreme court eventually affirmed in 1991. Id. Zeigler then filed, in 1992, another rule 3.850 motion which was procedurally barred. Id. at 50. The supreme court stated:
Motions pursuant to rule 3.850 will not be considered "if filed more than 2 years after the judgment and sentence become final."
* * *
Even if the information on which Zeigler based his first two claims was not disclosed by the State in 1982, the information was provided pursuant to Zeigler's public Records request in April 1987. The Public Records Act was available to Zeigler prior to January 1, 1987, the cut-off date for postconviction relief in this case insofar as guilt is concerned.

Id. at 50 (emphasis added).
Patently, the highlighted language, which the court in Lindsay noted, does not support the contention, in the instant case, that Pierce was required to file his rule 3.850 motion within two years of the mandate, which upheld his convictions but vacated his sentences.
There, we stated:
[A]ppellant's conviction based on his original plea became final in September 2000, thirty days after his original sentencing; with respect to some claims asserted in his motion, the sentence became final thirty days after his resentencing in November 2000.... Therefore, the time for filing a timely rule 3.850 motion from the original conviction and from the sentencing prior to the revocation [of probation in the subsequent case] has now expired.
Lindsay, 842 So.2d at 1058 (emphasis added).
The Second District considered the clear language of rule 3.850(b) in Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003). There, the defendant was convicted and sentenced to death, but the supreme court affirmed the conviction and vacated the sentence in May 1999. Id. at 1043-44. The trial court re-sentenced the defendant to life imprisonment, as directed by the supreme court, and the defendant appealed the new sentence. Id. at 1044. The Snipes court affirmed the sentence on January 16, 2001. Id. The defendant filed his rule 3.850 motion, challenging the initial conviction on January 4, 2002. Id. The trial court determined the motion to be untimely since it considered the conviction "final" in May 1999, and not in January 2001 when the new sentence was affirmed. Id. In Snipes, the Second District looked to the "unequivocal language of rule 3.850(b)" to reject the trial court's determination of finality. Id. As its reasoning, the court noted that in the rare situations, when a sentence is still pending on appeal, *729 the conviction cannot be final (for purposes of rule 3.850) because, during the pendency of the sentencing appeal, the trial court is without jurisdiction to hear a rule 3.850 motion. Id.
The Snipes court reasoned that if the trial court correctly found that a conviction can be final before the appeal process is complete, an absurd result could occur. Id. Namely, since the defendant cannot pursue a rule 3.850 motion while his sentence is being appealed, his two-year window to contest his conviction would run out before he is even allowed to file. Id.
We agree with the reasoning in Snipes and conclude that the two-year window commences when both the conviction and sentence are final.
STONE, WARNER and MAY, JJ., concur.
NOTES
[1] Noteworthy, this case involves re-sentencing on direct appeal, unlike cases such as Mitchell v. State, 846 So.2d 559 (Fla. 4th DCA 2003), which was an appeal from a re-sentencing following a post-conviction motion. See also Joseph v. State, 835 So.2d 1221, 1222 n. 3 (Fla. 5th DCA 2003)(holding that the two-year time frame within which to file a rule 3.850 motion "is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered.").