904 So.2d 515 (2005)
Osvaldo VALDES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1775.
District Court of Appeal of Florida, Third District.
May 25, 2005.
*516 Ana M. Davide, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
We grant Osvaldo Valdes' ("Defendant") motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
The Defendant appeals the trial court's order summarily denying his motion for post conviction relief for "lack of jurisdiction." We reverse.
Here, the Defendant timely filed his motion for post conviction relief because the two-year limit for filing a motion pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until direct review proceedings have concluded. This includes seeking discretionary review in the Florida Supreme Court, Cardali v. State, 794 So.2d 719, 721 (Fla. 3d DCA 2001), and the appeal of any resentencing that may result from the direct appeal proceedings, Pierce v. State, 875 So.2d 726 (Fla. 4th DCA 2004), Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003).
The Defendant's conviction and sentence became final for the purposes of rule 3.850 when this Court affirmed following his resentencing. The Defendant timely filed his motion for postconviction relief within two years of this Court's mandate.
Accordingly, we reverse and remand for the trial court to consider the Defendant's motion for postconviction relief on its merits.
Reversed and remanded.