DAVIS, Judge.
Vincente Sandoval appeals the circuit court’s summary denial of his motion for postconviction relief and motion for rehearing filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Sandoval was convicted of capital sexual battery and sentenced to life in prison with a twenty-five-year mandatory minimum term. This court affirmed his conviction but remanded for resentencing with either appointed counsel or a valid waiver of his *1148 right to counsel. See Sandoval v. State, 884 So.2d 214 (Fla. 2d DCA 2004). On remand, the trial court resentenced him to life in prison with the possibility of parole after twenty-five years. Sandoval appealed, and this court issued a per curiam affirmance of that sentence. See Sandoval v. State, 928 So.2d 349 (Fla. 2d DCA 2006).
On October 24, 2005, Sandoval filed-a rule 8.850 motion alleging four claims of ineffective assistance of counsel. On December 21, 2005, while the direct appeal of the resentencing was pending before this court, the postconviction court summarily denied Sandoval’s rule 3.850 motion on the merits. Subsequently, Sandoval filed a timely motion for rehearing. On January 23, 2006, the postconviction court summarily denied the motion for rehearing on the merits.
Sandoval’s October 24, 2005, rule 3.850 motion was premature. See Snipes v. State, 843 So.2d 1043 (Fla. 2d DCA 2003) (holding that the two-year time limitation of rule 3.850(b) did not begin to run until the direct appeal process on defendant’s life sentence on remand concluded). Moreover, because the direct appeal of the resentencing was pending before this court on December 21, 2005, and January 23, 2006, the postconviction court lacked jurisdiction to enter its December 21, 2005, and January 23, 2006, denial orders.[1] See id. at 1044 (noting that if the defendant filed his postconviction motion during the pen-dency of the appeal in this court, the trial court would have been without jurisdiction to entertain it).
Because the postconviction court did not have jurisdiction to rule on Sandoval’s rule 3.850 motion and motion for rehearing, we reverse the postconviction court’s denial orders and remand with instructions to dismiss Sandoval’s motion for postconviction relief and motion for rehearing without prejudice to Sandoval’s right to refile a rule 3.850 motion. See Bunkley v. State, 800 So.2d 663 (Fla. 2d DCA 2001).
Reversed and remanded.
ALTENBERND and STRINGER, JJ., Concur.

. The direct appeal was of a resentencing upon remand from a direct appeal of a judgment and sentence, and not a resentencing after a successful collateral postconviction motion.