FULMER, Judge.
 

 James O’Neill appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the postcon-viction court’s order and remand with instructions to dismiss O’Neill’s motion as untimely.
 

 In 2001, O’Neill was convicted of and sentenced on nine offenses pursuant to a negotiated plea agreement. He appealed, and this court reversed and remanded for the trial court to strike minimum mandatory terms from his sentences on counts seven and nine.
 
 O’Neill v. State,
 
 841 So.2d 629 (Fla. 2d DCA 2003). The mandate in his direct appeal was issued on April 28, 2003. O’Neill did not file his rule 3.850 motion seeking to withdraw his plea until September 28, 2005, more than two years after his direct review proceedings were concluded. See Fla. R.Crim. P. 3.850(b) (providing that no motion shall be filed more than two years after the judgment and sentence become final in a non-capital case); Valdes
 
 v. State,
 
 904 So.2d 515 (Fla. 3d DCA 2005) (holding that a judgment and sentence are not final for purposes of rule 3.850 until direct review proceedings are concluded).
 

 O’Neill claimed that his rule 3.850 motion was timely because it was filed only thirty days after a resentencing on count six that occurred on August 29, 2005. However, that resentencing was not the result of his direct appeal proceedings but was the result of a successful motion to correct illegal sentence, which did not affect the timeliness of his rule 3.850 motion.
 
 See Joseph v. State,
 
 835 So.2d 1221, 1222 n. 3 (Fla. 5th DCA 2003) (“The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered. An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion.”);
 
 see also Pierce v. State,
 
 875 So.2d 726, 727 n. 1 (Fla. 4th DCA 2004) (noting the difference between cases “involvefing] re-sentencing on direct appeal” and cases such as
 
 Joseph
 
 
 *631
 
 involving “re-sentencing following a post-conviction motion”).
 

 Accordingly, we reverse the order on appeal. On remand, the postconviction court shall dismiss O’Neill’s motion without prejudice to any right he may have to file a belated motion for postconviction relief asserting relief under the exceptions listed in rule 3.850(b), about which we express no opinion. We note that if O’Neill refiles his motion and is successfully able to assert an exception to the two-year requirement, the postconvietion court should consider his claims in light of
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), of which the postconviction court did not have the benefit at the time it initially denied three of O’Neill’s claims as facially insufficient.
 

 Reversed and remanded.
 

 WHATLEY and SILBERMAN, JJ., Concur.