SILBERMAN, Judge.
 

 Jeffrey Doby appeals the dismissal of his petition for writ of habeas corpus, specifically challenging the postconviction court’s treatment of his petition as a motion filed under Florida Rule of Criminal Procedure 3.850. Mr. Doby cites his actual innocence as the sole ground for his habeas petition. The postconviction court dismissed Mr. Doby’s claim as untimely, successive, and an abuse of process. We write only to clarify the reasons Mr. Doby’s petition was correctly treated as a postconviction motion filed under rule 3.850.
 

 A petition for a writ of habeas corpus is to be filed in the circuit where the prisoner is detained. § 79.09, Fla. Stat. (2008). In this instance, the Charlotte County Circuit Court does not have jurisdiction over Mr. Doby’s habeas petition because Mr. Doby is incarcerated in Hendry County. However, the postconviction court appropriately treated Mr. Doby’s petition as a rule 3.850 motion because it sought to collaterally attack his conviction.
 
 See Valdez-Garcia v. State,
 
 965 So.2d 318, 322-23 (Fla. 2d DCA 2007).
 

 The postconviction court also appropriately dismissed Mr. Doby’s claim as untimely. Rule 3.850(b) requires that a motion for postconviction relief be filed within two years of the date the judgment and sentence become final in noncapital cases like this one. Mr. Doby’s judgment and sentence became final on June 14, 2000, when this court issued mandate in his direct appeal.
 
 See O’Neill v. State,
 
 6 So.3d 630, 630 (Fla. 2d DCA 2009) (holding that a judgment and sentence becomes final when direct appeal proceedings are concluded). While rule 3.850(b)(1) recognizes an exception to this time limitation for newly discovered evidence, Mr. Doby does not cite newly discovered evidence but merely rehashes the evidence presented at his 1999 trial, the arguments presented in his 2000 appeal, and the claims raised in his 2001 motion for postconviction relief. Furthermore, the Florida state courts do not recognize such freestanding claims of actual innocence in rule 3.850 motions or habeas petitions.
 
 See Tompkins v. State,
 
 994 So.2d 1072, 1089 (Fla.2008),
 
 cert. denied,
 
 - U.S. —, 129 S.Ct. 1305, - L.Ed.2d -(2009).
 

 Affirmed.
 

 KELLY and CRENSHAW, JJ„ Concur.