PER CURIAM.
Appellant seeks review of an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The state concedes, and we agree, that the trial court erred in denying the motion as untimely. Accordingly, we reverse and remand for consideration of Appellant’s claims on the merits.
On November 18, 2005, pursuant to a negotiated plea, Appellant was convicted and sentenced on several drug-related offenses. On direct appeal, this court vacated his sentences and remanded for re-sentencing in accordance with the plea agreement. Breland v. State, 951 So.2d 74 (Fla. 1st DCA 2007). Appellant’s new sentences were affirmed without opinion, Breland v. State, 995 So.2d 955 (Fla. 1st DCA 2008) (table), and the mandate issued on December 12, 2008.
On September 8, 2009, Appellant filed his motion for postconviction relief. In his motion and its “addendum” filed July 19, 2010, Appellant raised four claims of ineffective assistance of counsel. The trial court summarily denied the motion as untimely after concluding that it was filed more than two years after Appellant’s convictions became final. The court reasoned that the convictions were final on December 18, 2005, thirty days after they were entered, because Appellant sought review of his sentences on direct appeal but did not challenge his convictions.
*327 A rule 3.850 motion for postcon-viction relief must be filed within two years after the judgment and sentence become final, subject to certain narrow exceptions. See Fla. R.Crim. P. 3.850(b). But the two-year period in the rule does not commence until both the conviction and the sentence become final, which occurs upon issuance of the mandate in the direct review proceedings. See Pierce v. State, 875 So.2d 726, 729 (Fla. 4th DCA 2004); Snipes v. State, 843 So.2d 1043, 1044 (Fla. 2d DCA 2003); Cook v. State, 596 So.2d 483, 484 (Fla. 1st DCA 1992). Indeed, until the direct appeal is concluded, the trial court is without jurisdiction to consider a rule 3.850 motion. See Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987); see also Snipes, 843 So.2d at 1044 (rejecting an interpretation of rule 3.850 identical to that adopted by the trial court below because such an interpretation could result in the defendant forfeiting his post-conviction rights by exercising the right to appeal his sentence).
In this case, the direct review proceedings concerning Appellant’s judgment and sentence concluded on December 12, 2008, upon the issuance of the mandate in the appeal after his resentencing. Because Appellant’s rule 3.850 motion was filed within two years of that date, the motion was timely and the trial court erred in denying the motion on timeliness grounds. Accordingly, we reverse the order on appeal and remand for the trial court to consider Appellant’s postconviction claims on the merits.
REVERSED and REMANDED with directions.
ROBERTS, CLARK and WETHERELL, JJ., concur.