DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARROD DUNSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4469

[June 15, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case Nos. 502012CF005946BXX, 502012CF007764BXX, 502012CF008040AX, and 502012CF008688AXX.

Sharrod Dunston, Perry, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

**ON CONCESSION OF ERROR**

PER CURIAM.

Sharrod Dunston appeals the summary denial of his rule 3.850 motion and the order denying his motion for rehearing. The motion raised issues of involuntary plea and ineffective assistance of counsel in connection with the plea he entered in four lower tribunal cases, pursuant to which he was sentenced to a jail term followed by probation. The circuit court denied the rule 3.850 motion after considering and incorporating a state response. The state argued only that the circuit court did not have jurisdiction to consider the rule 3.850 motion because Dunston then had a direct appeal pending in this court. The direct appeal challenged the subsequent revocation of his probation.[1]

The state now concedes the circuit court should have considered the merits of the rule 3.850 motion. We accept the state's concession of error

---

[1] The direct appeal, case no. 4D15-1523, has since been dismissed.

and reverse and remand for further proceedings.  *See Lindsay v. State*, 842 So. 2d 1057, 1059 (Fla. 4th DCA 2003) (reversing dismissal of rule 3.850 motion and holding a trial court has jurisdiction to consider a postconviction motion addressed to the defendant's initial conviction, notwithstanding that an appeal is pending from a subsequent violation of probation); *Harris v. State*, 939 So. 2d 197 (Fla. 5th DCA 2006) (reversing order striking rule 3.850 motion directed to original plea; trial court ruled it lacked jurisdiction because appeal was pending from order revoking probation, but appellate court determined the issues of the motion were unrelated to issues on appeal) (citing *Lindsay*).

*Reversed and remanded for further proceedings.*

TAYLOR, GERBER and LEVINE, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***