# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-166
Lower Tribunal No. 06-18096A

_____

**Rollin Monestime,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Rollin Monestime, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

SUAREZ, C.J.

Rollin Monestime appeals from the trial court's denial of his motion for return of property pursuant to section 705.105, Florida Statutes (2016). We affirm.

Monestime was charged in 2006 with trafficking and money laundering. He went to trial and was convicted and sentenced to fifteen years. His direct appeal of his conviction and sentence was affirmed. Monestime v. State, 41 So. 3d 1110 (Fla. 3d DCA 2010) [3D09-232]. His subsequent postconviction petition was denied, and this Court affirmed. Monestime v. State, 107 So. 3d 420 (Fla. 3d DCA 2013) [3D11-3060].

In 2016, Monestime moved to have returned to him the $738,804.00 seized upon his arrest in 2006. He claims that the money, all cash in a black duffle, was abandoned in his room by an unknown person who never claimed it. Thus, he argues, it is his property. The trial court denied the motion to return property, citing the motion's untimeliness under section 705.105, Florida Statutes (2016). That statute sets forth the procedure regarding unclaimed evidence:

> (1) Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.

§ 705.105 Florida Statutes (2016). Thus, in order to seek the return of seized property, a defendant must file a motion within that sixty-day period. A criminal proceeding is concluded when the mandate issues from the appellate court on a direct appeal of a defendant's judgment and sentence. See Davis v. State, 198 So. 3d 1070, 1072 (Fla. 5th DCA 2016); Breland v. State, 58 So. 3d 326, 327 (Fla. 1st

2

DCA 2011); Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987).  As more than sixty days have elapsed since the mandate issued in Monestime's direct criminal appeal in 2010, the trial court's order citing to the untimeliness of the motion pursuant to section 705.105 is correct.  We therefore affirm.

Affirmed.