NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYREE GLAND,                        )
                                   )
         Appellant,                )
                                   )
v.                                 )          Case No. 2D17-1802
                                   )
STATE OF FLORIDA,                  )
                                   )
         Appellee.                 )
_____)

Opinion filed March 7, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico, Judge.

Tyree Gland, pro se.


PER CURIAM.

         Tyree Gland appeals the order treating his petition for writ of habeas

corpus as a motion filed under Florida Rule of Criminal Procedure 3.850 and dismissing

it as untimely.  We reverse and remand for further proceedings.

         In 2010, a jury found Gland guilty of second-degree murder, and the trial

court found him guilty after a nonjury trial of being a delinquent in possession of a

firearm.  The trial court sentenced Gland to concurrent terms of life imprisonment for the

murder count and fifteen years' imprisonment for the delinquent in possession of a

firearm count.  This court affirmed Gland's convictions and sentences for both offenses

by written opinion.  Gland v. State, 72 So. 3d 216, 217 (Fla. 2d DCA 2011) (Gland I).  In 2014, the supreme court quashed this court's opinion by unpublished order and remanded for reconsideration pursuant to Haygood v. State, 109 So. 3d 735, 737 (Fla. 2013) (holding that the fundamental error of giving an erroneous manslaughter by act jury instruction is not cured by giving a manslaughter by culpable negligence instruction when the evidence only supports manslaughter by act and the defendant is convicted of second-degree murder).  Gland v. State, No. SC14-29, 2014 WL 2616898, at *1 (Fla. June 11, 2014) (Gland II).[1]  Upon remand, this court reversed Gland's conviction of second-degree murder and remanded for a new trial.  Gland v. State, 166 So. 3d 900, 902 (Fla. 2d DCA 2015) (Gland III).  The mandate issued on July 6, 2015.

On February 28, 2017, Gland filed a petition for writ of habeas corpus in which he argued that he did not waive his right to a jury trial for the charge of delinquent in possession of a firearm and that his bench trial violated his Sixth Amendment rights. Because Gland's petition challenged his conviction, the postconviction court correctly treated it as a motion filed under rule 3.850.  The court then dismissed the motion as untimely, finding that Gland's conviction and sentence for the delinquent in possession of a firearm count became final when the mandate issued for Gland I.  The court noted, citing Gland III, that when the supreme court "remanded for proceedings consistent with Haygood, [Gland's] conviction for [delinquent in possession of a firearm] was not disturbed."

_____

[1]There is a reporter citation for this case, Gland v. State, 145 So. 3d 824 (Fla. 2014), but it is a table decision.  The unpublished order can only be found on Westlaw.

- 2 -

The postconviction court's reasoning was incorrect—it is the conclusion of the direct appeal process, when jurisdiction to entertain a postconviction motion returns to the sentencing court, that starts the two-year time limitation of rule 3.850, Anton v. State, 976 So. 2d 6, 8 (Fla. 2d DCA 2008) (quoting Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987)), not whether a conviction or sentence is "disturbed" before that process ends. This fact is illustrated by several cases.

In Snipes v. State, the supreme court affirmed Snipes' first-degree murder conviction but reversed his death sentence and remanded for the trial court to impose a sentence of life imprisonment. 843 So. 2d 1043, 1043–44 (Fla. 2d DCA 2003). The court issued its mandate on May 24, 1999. Id. at 1044. The trial court imposed a life sentence, and Snipes appealed. Id. This court affirmed and issued its mandate on January 16, 2001. Id. Snipes then filed a rule 3.850 motion on January 4, 2002. Id. The postconviction court denied Snipes' motion as untimely, finding that the judgment Snipes attacked became final when the supreme court issued its mandate on May 24, 1999. Id.

This court reversed based on the plain language of rule 3.850(b) providing a time limit of two years "after the judgment and sentence become final." Id. (emphasis omitted); accord Breland v. State, 58 So. 3d 326, 327 (Fla. 1st DCA 2011) ("[T]he two-year period in the rule does not commence until both the conviction and the sentence become final, which occurs upon issuance of the mandate in the direct review proceedings."); Pierce v. State, 875 So. 2d 726, 729 (Fla. 4th DCA 2004) (agreeing with Snipes). While Snipes' conviction became final in 1999, his sentence did not become final until this court issued its mandate affirming his sentence on January 16, 2001. See

Snipes, 843 So. 2d at 1044. Thus, his January 4, 2002, motion was timely. See id.; accord Gisi v. State, 135 So. 3d 493, 495 (Fla. 2d DCA 2014).

This court cited Snipes in Skeens v. State, 853 So. 2d 494, 495 (Fla. 2d DCA 2003). Skeens was convicted of committing sexual battery and lewd or lascivious act upon a child. Id. at 494. We affirmed the sexual battery conviction but reversed the lewd or lascivious act conviction and remanded for resentencing. Id. (citing Skeens v. State, 733 So. 2d 1094, 1096 (Fla. 2d DCA 1999) (Skeens I)). After he was resentenced, Skeens again appealed, and this court remanded to the sentencing court for reconsideration under intervening case law. Id. (citing Skeens v. State, 779 So. 2d 418 (Fla. 2d DCA 2000) (Skeens II)). The sentencing court resentenced Skeens for the sexual battery, but he did not appeal. Id. On October 21, 2002, he filed a rule 3.850 motion. Id. The postconviction court found that Skeens' motion was untimely because it was filed more than two years after the sexual battery conviction became final upon issuance of this court's mandate for Skeens I in 1999. Id.

This court reversed, holding that Skeens' postconviction motion was timely because "the two-year time limitation of rule 3.850(b) cannot begin to run until the direct appeal process has concluded." Id. at 495 (citing Snipes, 843 So. 2d at 1044). The opinion explained that

> since [Skeens'] conviction was affirmed by his initial direct appeal (Skeens I) and he did not appeal the sentence imposed after his second direct appeal (Skeens II), the direct appeal process ended and his judgment and sentence became final on December 13, 2000, when the time expired for the filing of a direct appeal from his second resentencing. See McGee v. State, 684 So. 2d 241, 242 (Fla. 2d DCA 1996) (holding that a judgment and sentence which are not appealed become final when "the thirty-day period for taking an appeal has expired").

- 4 -

853 So. 2d at 495.

In the present case, the direct review proceedings concluded on July 6, 2015, when the mandate issued for this court's opinion in Gland III reversing Gland's conviction of second-degree murder and remanding for a new trial on that count only.[2] Gland's rule 3.850 motion filed on February 28, 2017, was therefore timely.

Accordingly, we reverse the postconviction court's order dismissing Gland's rule 3.850 motion as untimely and remand with directions for the court to address the motion on its merits.

Reversed and remanded.

CASANUEVA, SILBERMAN, and BADALAMENTI, JJ., Concur.

---

[2]In addition, we note that when the supreme court granted Gland's petition for review, it quashed this court's "decision in this case" and remanded the case for reconsideration. Gland II, 2014 WL 2616898, at *1. The quashed decision affirmed Gland's convictions and sentences for both offenses. Gland I, 72 So. 3d at 216. Thus, the language of the opinion itself reveals that Gland's conviction and sentence for the delinquent in possession of a firearm count were no longer final as a result of Gland II.