# Third District Court of Appeal
## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1123
Lower Tribunal Nos. F15-11325; F20-10061; F20-10060; F15-10530B

_____

**David Montero,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

David Montero, in proper person.

Ashley Moody, Attorney General, and Yolande M. Samerson, Assistant Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

EMAS, J.

David Montero appeals the trial court's order denying, as untimely, his motion for return of property. We reverse, as we conclude (and as the State commendably concedes) the trial court erred in denying the motion. Montero's motion alleges:

1) Montero was arrested on July 23, 2020;

2) certain specifically described items belonging to Montero (e.g., two gold link chains, a gold bracelet, an airplane amulet, a watch, and $9750 in cash) were taken from him at the time of his arrest;

3) attached to the motion were photos (undated) of Montero wearing some of the jewelry, which Montero asserts establishes his ownership of those items;

4) the case was disposed of by a guilty plea on February 2, 2024;

5) Montero filed the motion for return of property on May 2, 2024.

Accepting the above allegations as true for purposes of this appeal,[1] the question is whether the motion was timely filed under section 705.105(1), Florida Statutes (2024), which provides:

---

[1] We do not reach the merits of Montero's motion, nor do we make any determination regarding the accuracy or truthfulness of the allegations contained in Montero's motion. We accept the above allegations as true for the limited purpose of determining whether the trial court erred in concluding that the motion was untimely on its face and in summarily denying the motion on that basis.

> Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency **60 days after the conclusion of the proceeding.**

(Emphasis added).

The question is, what marks the "conclusion of the proceeding" for purposes of determining when the sixty-day period begins to run under the statute?

We have held that, where a defendant has filed a direct appeal, the "conclusion of the proceeding," for purposes of determining when section 705.105(1)'s sixty-day period begins to run, is "when the mandate issues from the appellate court on a direct appeal of a defendant's judgment and sentence." Monestime v. State, 220 So. 3d 493, 494 (Fla. 3d DCA 2017).

However, because Montero did not file a direct appeal following his guilty plea on February 2, 2024, we must determine what marks the "conclusion of the proceeding" (and the commencement of the sixty-day period within which to file a motion for return of property) in the absence of a direct appeal. The First District, in Bracht v. State, 317 So. 3d 1250, 1253 (Fla. 1st DCA 2021) held that, in the absence of a direct appeal, the

3

"'conclusion of the proceeding' means the date the judgment and sentence became final."

We agree with <u>Bracht</u>, and have held, in analogous procedural circumstances, that in the absence of a direct appeal, a judgment and sentence becomes final thirty days after it is imposed. <u>See, e.g.</u>, <u>Pearson v. State</u>, 141 So. 3d 722 (Fla. 3d DCA 2014) (holding "[t]he two-year time limitation for filing motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until appellate proceedings have concluded and the court issues a mandate or thirty days after the judgment and sentence become final if no direct appeal is filed.") (quoting <u>Saavedra v. State</u>, 59 So. 3d 191,192 (Fla. 3d DCA 2011)).

In the instant case, the motion alleges the defendant pleaded guilty, and the trial court imposed its judgment and sentence on February 2, 2024. The sixty-day period within which to file the motion for return of property did not begin to run until the judgment and sentence became final, which was on March 3—thirty days after the judgment and sentence. Montero therefore had until May 2, 2024, to file his motion for return of property. The face of the motion indicates that Montero placed it in the hands of the correctional facility for mailing on May 2, 2024, the last day of the sixty-day period. <u>See</u> <u>Thompson v. State</u>, 761 So. 2d 324 (Fla. 2000) (holding that under the

4

mailbox rule, the date that a motion is placed into the hands of prison officials for filing is the date that the motion is considered filed).

Therefore, the motion is timely on its face and the trial court erred in summarily denying the motion as untimely.

Reversed and remanded for further proceedings consistent with this opinion.